UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LISA PEREZ, formerly known as LISA BELYEW,<br><br>Petitioner,<br><br>v.<br><br>LAVELLE PARKER, Warden,<br><br>Respondent. | No.  2:25-cv-2702 CSK P<br><br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

As set forth below, it is recommended that this case be summarily dismissed.

I.    THE PETITION

Petitioner challenges her October 2018 conviction in the Butte County Superior Court, Case No. C-091761.  (ECF No. 1.)  Petitioner claims she is being denied the mental health credits she alleges she is entitled to under new legislation, citing California SB 317 and California Penal Code § 4019.  (ECF No. 1 at 5-6, 16.)

1

II.     GOVERNING STANDARDS

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  Federal courts retain broad powers to control their dockets and to "prevent duplicative or unnecessary litigation."  Slack v. McDaniel, 529 U.S. 473, 478 (2000).

III.    DISCUSSION

The instant petition should be summarily dismissed for the following reasons.  First, the present application is second or successive as it challenges the same state court judgment challenged in an earlier petition.  See 28 U.S.C. § 2244(b); see also Magwood v. Peterson, 561 U.S. 320, 332 (2010).  Where a petitioner's claims are second or successive, the petitioner must obtain leave from the Ninth Circuit before filing a petition.  See Magwood, 561 U.S. at 331; see also Burton v. Stewart, 549 U.S. 147, 157 (2007).  Court records confirm that petitioner previously sought habeas relief challenging her 2018 conviction in Perez v. Pallares, No. 2:19-cv-0294 DAD AC (E.D. Cal.), which was denied on September 10, 2025.[1]  Because the petition is second or successive, it should be dismissed without prejudice.

Second, petitioner's claim also fails on the merits, for the same reasons her similar claims regarding sentencing credits were dismissed in her subsequently-filed habeas petition:

> Errors of state law do not come within the scope of federal habeas jurisdiction, *Estelle v. McGuire*, 502 U.S. [62, 67 (1991)], and sentencing is a quintessentially state law matter that is not reviewable in federal habeas. See *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of state sentencing law are not cognizable in federal habeas).  Petitioner cannot transform her state law issues into federal ones merely by invoking the federal constitution. See *Langford [v. Day*, 110 F.3d 1380 (9th Cir. 1997)].

Perez v. Parker, No. 2:24-cv-3285 DJC SCR, 2025 WL 2961909, at *1 (E.D. Cal. Oct. 20, 2025) (citing 2:19-cv-0294 ECF No. 77 at 38).  Thus, even if the petitioner is not second or successive,

---

[1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

her petition should be summarily dismissed.

IV.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall (1) assign a district judge to this case; (2) the Clerk is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed, and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In the objections petitioner may address whether a certificate of appealability should issue in the event she files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/pere2702.156.summ